IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MANUEL E. ABRANTE, III.<br>     Plaintiff,<br>          v.<br><br>VINCENT GUARINI, et al.,<br>     Defendants. | CIVIL ACTION<br><br>NO.  12-6860 |

## MEMORANDUM RE DEFENDANTS' MOTION TO DISMISS

**Baylson, J.**                                                                                        **January 8, 2014**

### I.     Introduction

Pro se plaintiff Manuel E. Abrante III is an inmate at Lancaster County Prison. Abrante filed this 42 U.S.C. § 1983 action on October 1, 2013, alleging that prison officials Vincent Guarini, Joe Shiffler, and Ann Haines; nurse practitioner Lori Hostetter; and mental health counselor Bonnie Bair provided inadequate medical treatment for injuries Abrante sustained after being shot in his legs and were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment[1] right to be free from cruel and unusual punishment.  In response, Hostetter and Bair moved to dismiss Abrante's Complaint for failure to state a claim.   For the following reasons, the Motion is DENIED.

---

[1] The Eighth Amendment's protection against cruel and unusual punishments has been incorporated against the states through the Fourteenth Amendment.  *Robinson v. California*, 370 U.S. 660 (1962).  Accordingly, the Court treats Abrante's Eighth Amendment claim as a claim for a violation of his Fourteenth Amendment rights.

1

**II.	Facts[2]**

On August 1, 2011, Abrante was shot twice and suffered a fractured pelvis and femur, along with various other injuries. DE 5 at 3. He was taken to Lancaster General Hospital, where he was prescribed pain medication and blood thinners. He was also provided with crutches. On August 5, 2011, Abrante was released from the hospital into the care of Lancaster County Prison (the "Prison"). DE 5 at 3. Prior to leaving the hospital, Abrante's doctor informed him that he would be placed in the Medical Housing Unit at the Prison, would continue to be prescribed medication for pain, nerve damage, blood thinning, and would also receive physical therapy. DE 5 at 3.

When he arrived at the Prison, Abrante was placed in a regular cell, not the Medical Housing Unit. DE 5 at 3. Abrante remained in the regular cell block for twenty-five days until he was moved to the Medical Housing Unit on August 30, 2011. DE 5 at 3. He was also forced to give up his crutches. DE 5 at 6.

Lori Hostetter is a nurse practitioner employed by Prime Care Medical, Inc. to provide medical care to the inmates at the Prison. Upon Abrante's arrival, she changed his medications to less effective types and reduced the dosage he had been receiving at the hospital. DE 5 at 3.

Abrante never received any physical therapy for injuries. He also could not bathe properly due to his injuries, did not get the proper amount of movement, and only was permitted out of his cell for thirty minutes a day. Abrante also suffered mental health issues that were ignored. DE 5 at 3.

---

[2] These factual allegations are taken from the Complaint. They are presumed true for the purpose of evaluating Defendants' Motion to Dismiss. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Abrante filed a grievance with the Warden and Deputy Warden but received no response.  When Abrante sent a request slip to the Deputy Warden inquiring about his grievance, the Deputy Warden replied that Abrante should have received everything he sent in back, but he did not opine about the substance of Abrante's grievance.  DE 5 at 4. Abrante spoke with Sergeant Steburger, Sergeant Showalter, and may other staff members about his need for medical treatment, but nothing was ever done.  DE 5 at 5.

As a result of the neglect of his medical needs, Abrante suffers from arthritis in the spine and back, chronic pain in his back, legs, and pelvis area, and generally did not make a healthy recovery from his injuries.  DE 5 at 6.

### III.     Legal Standard

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. *Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir.1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential–Bache Sec., Inc.,* 764 F.2d 939, 944 (3d Cir.1985).

The government has an obligation to provide medical treatment for those serving a sentence of incarceration. *Estelle*, 429 U.S. at 103.  "[F]ailure to provide adequate treatment is a violation of the eighth amendment when it results from 'deliberate indifference to a prisoner's serious illness or injury.'" *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Estelle*, 429 U.S. at 105). Accordingly, to state a claim for inadequate medical treatment, a plaintiff must show "(1) that the defendants were deliberately indifferent to their medical needs and (2) that those

3

needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility,* 318 F.3d 575, 582 (3d Cir. 2003).

## IV. Discussion

Abrante has sufficiently alleged that he sustained injuries from being shot twice in the legs and that he was recovering from these injuries while at the Prison. His allegations describing the extent of his injuries clearly demonstrate that his medical needs were serious. Abrante's allegations regarding (1) the treatment that his doctor described would be provided to him at the Prison, (2) the alterations to his medication, (3) the failure to provide physical therapy, (3) the removal of his crutches, (4) the failure to place him in the Medical Housing Unit for twenty-five days, and (5) the failure to respond to his medical grievance sufficiently allege that Defendants were on notice of his serious medical needs and were deliberately indifferent to them.[3] *Natale,* 318 F.3d at 582.

Accordingly, Abrante's complaint states a claim under 42 U.S.C. § 1983.

O:\ChrisBerg\12-cv-6860 Abrante v. Guarini\Abrante v. Gaurini MTD Draft 1.6.14.docx

---

[3] Although Abrante does not allege how Bair was involved in his treatment, his allegations regarding Bear's role as mental health counselor for the Prison and how his mental health needs were ignored are sufficient to survive a motion to dismiss. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("The handwritten pro se document is to be liberally construed."). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 521 (1979).