IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MANUEL E. ABRANTE, III. Plaintiff, v. VINCENT GUARINI, et al., Defendants. | CIVIL ACTION NO. 12-6860 |
|---|---|

## MEMORANDUM RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST AND FACTUAL FINDINGS

Baylson, J. June 30, 2015

### I. Introduction

Plaintiff Manuel E. Abrante III is an inmate at Lancaster County Prison (the "Prison") who alleges that prison officials Vincent Guarini, Joe Shiffler, and Ann Haines, as well as nurse practitioner Lori Hostetter, provided inadequate treatment for gunshot wounds and were deliberately indifferent to his serious medical needs in violation of his Fourteenth and Eighth Amendment rights. Guarini, Shiffler, and Haines (collectively, "Defendants") have moved for summary judgment on the issue of whether Abrante failed to exhaust administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"). For the following reasons, the Motion is DENIED.

### II. Procedural Background and Facts

Abrante alleges in his Amended Complaint that prison officials provided inadequate medical treatment for gunshot wounds he suffered during his arrest, and were deliberately indifferent to his serious medical needs in violation of his Fourteenth and Eighth Amendment rights. ECF 36. Defendants previously moved to dismiss Abrante's amended complaint, and the Court denied dismissal on November 6, 2014. ECF 44, ECF

45. In its Memorandum denying Defendants' Motion to Dismiss, the Court rejected their argument that Abrante needed to plead that he exhausted administrative remedies under the PLRA. ECF 44, at 14–15. In accord with a procedure for dealing with PLRA exhaustion issues suggested by the Third Circuit in *Small v. Camden County*, 728 F.3d 265, 271 n.5 (3d Cir. 2013), the Court ordered a 90-day initial discovery period limited to the issue of PLRA exhaustion, and for Defendants to file a motion for summary judgment on this issue at the close of this discovery period. *Id.* at 15. Defendants filed their motion on March 11, 2015. ECF 57. The Court held oral argument on June 17, 2015. ECF 69.

The record of the June 17, 2015 hearing contains a detailed recitation of the facts and evidence submitted with the parties' briefs. It is undisputed that Abrante was given an "Inmate Handbook,"[1] which provides that a "General Purpose Request Form" is the vehicle by which inmates should communicate both housing classification and other grievances to prison administrators. ECF 63, Ex. 5, at 5, 22. After receiving a written response by the Prison to his or her classification-related grievance, the inmate may additionally make a written request to meet with a Classification Committee member. *Id.* at 5. The Inmate Handbook "encourage[s inmates] to direct the complaint . . . to the appropriate Prison Administrator for investigative follow up" if it is "regarding a staff member or prison condition," but "advise[s] that all inmate request forms are sorted by their content, not by who [sic] they are addressed to." *Id.* at 3.

---

[1] The parties have submitted two different versions of the Inmate Handbook that were in effect during the time period of Abrante's claims, one dated 2007 and one dated 2012. The parties represented during oral argument that the grievance provisions are identical in all respects relevant to this case, so the Court will cite only to the 2012 iteration.

The parties do not dispute that Abrante filed a number of General Purpose Request Forms, although they disagree about whether Abrante sufficiently described his complaints or directed them to the individual defendants. The parties also dispute whether Abrante filed a series of unanswered General Purpose Request Forms relating to his housing classification in August 2011. The parties disagree about whether Abrante was required to exercise the Inmate Handbook's appeal process for housing classification-related grievances, whether or not the Prison furnished a written response, as well as whether Abrante was required to appeal unfavorable answers to grievances on other topics by directing additional General Purpose Request Forms to higher-level prison administrators.

### III. Legal Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. *Id.*

"42 U.S.C. § 1997e(a), enacted as part of the PLRA, provides that a prisoner may not bring a § 1983 suit with respect to prison conditions "until such administrative remedies as are available are exhausted." *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004) (quoting 42 U.S.C. § 1997e(a) (2002)). There is no right to a jury trial on the issue of PLRA exhaustion. *Small v. Camden Cnty.*, 728 F.3d 265, 269–71 (3d Cir. 2013). It is

3

"a question of law to be determined by a judge, even if that determination requires the resolution of disputed facts." *Id.* at 269 (3d Cir. 2013). Because exhaustion is an affirmative defense, a defendant bears the burden of proof to show an inmate failed to exhaust. *Id.* at 268.

Section 1997e(a) requires "proper exhaustion"—that is, "compliance with . . . deadlines and other critical procedural rules" of the prison's grievance system. *Woodford v. Ngo*, 548 U.S. 81, 90–91, 93 (2006). Each prison's grievance procedure is the touchstone for what is required of the inmate: "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218, 127 S. Ct. 910, 923, 166 L. Ed. 2d 798 (2007). An inmate only needs to exhaust remedies that are "available" to him or her, however. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002). In order to be available, a remedy must be "reasonably communicated to inmates." *Small*, 728 F.3d at 271.

## IV. Analysis

The Court finds that Abrante exhausted the remedies available to him under the Prison's grievance procedures for his complaints relating to both his housing classification and his allegedly insufficient medical treatment.

With respect to Abrante's housing classification, Abrante has submitted a sworn declaration averring that he filed at least four grievances in August 2011 containing complaints on this topic, none of which were answered by the Prison. ECF 63, Ex. 1 ¶ 8. Abrante's declaration is corroborated by both a September 22, 2011 General Request Form complaining that he had not received replies to multiple prior grievances, as well as

4

evidence that the Prison's recordkeeping of inmate grievances is incomplete. ECF 63, Ex. 7; *id.* Ex. 3 ¶ 9 & Ex. F–L; *id.* Ex. 25, at 80:11–82:20.

Defendant's post argument letter brief cites cases from various courts that are not binding in support of its position that the Court should hold an evidentiary hearing. ECF 71 (citing *Evans v. Pa. Power & Light Co.*, 98 Fed. App'x 151 (3d Cir. 2004); *Boykin v. Dart*, 2014 U.S. Dist. LEXIS 156010 (N.D. Ill. Nov. 4, 2014)). This Court concludes that under Supreme Court and Third Circuit precedents, that there is no requirement that an evidentiary hearing be held. Plaintiff's factual materials not only establish factual issues which preclude summary judgment for defendants, but also are sufficient to resolve the issue of whether Abrante submitted housing classification grievances in August 2011. Defendants could have taken the plaintiff's deposition to attempt to establish a lack of completeness or credibility, but did not do so. The determination of exhaustion in this Memorandum has been made in full accordance with Circuit authority.

The Court further finds that the appeal procedure for housing classification decisions outlined in the Inmate Handbook was not "available" to Abrante. 42 U.S.C. § 1997e(a) (2012); *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002). The Inmate Handbook only discusses appeals of a Prison's "written reply" to a housing classification grievance, and does not instruct the inmate on how to appeal a non-response. ECF 63, Ex. 5, at 5. Defendants have not submitted any evidence showing they furnished a written reply to any housing classification grievances, so have not met their burden to show Abrante failed to make a required appeal. *Small*, 728 F.3d at 273 ("Because CCCF procedures did not contemplate an appeal from a non-decision, when Small failed to receive even a response to the grievances addressing the June 18 and June 28, 2005

5

incidents, much less a decision as to those grievances, the appeals process was unavailable to him.").

Likewise, Defendants have not met their burden to show Abrante failed to exhaust available remedies for his medical treatment complaints. Abrante has submitted General Purpose Request Forms describing, *inter alia*, severe pain, guards' failure to retrieve him for medical visits, reinjury from falls, and a lack of physical therapy. ECF 63, Ex. 8–13. Defendants argue Abrante was required to appeal these grievances by submitting additional General Purpose Request Forms directed to higher-level administrators. ECF 57, at 7. The Inmate Handbook section on General Request Forms, however, does not specify any such procedure, and neither Defendant Schiffler, Defendant Haines, nor the Prison's 30(b)(6) witness could point out where it does. ECF 63, Ex. 5, at 22; *id.* Ex. 23, at 53:1–57:19; *id.* Ex. 24, at 51:9–53:6; ECF 57, Ex. 45:1–47:24. Defendants declined to depose Abrante during the exhaustion discovery period, and have no other evidence that he knew of an appeal process not described in the Inmate Handbook. An appeal procedure for non-housing classification grievances was therefore never "reasonably communicated" to Abrante, and was therefore unavailable. *Small*, 728 F.3d at 271.

Defendants' argument that Abrante did not direct his grievances to them specifically, and that they therefore had no notice of his complaints, is also unavailing. To satisfy § 1997e(a), an inmate need not name specific individuals in his or her grievances unless it is required by the prison's grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218–19 (2007). The Inmate Handbook merely "encourage[s]," but does not require, inmates to name individual prison officials in their grievances for investigative follow up. ECF 63, Ex. 5, at 3.

## V. Conclusion

For the foregoing reasons, the Court finds Abrante has fulfilled the exhaustion requirement of the PLRA and Defendants' Motion for Summary Judgment for Failure to Exhaust is DENIED. An appropriate order follows.

O:\CIVIL 12\12-6860 abrante v.guarini\Abrante v. Gaurini PLRA Exhaustion Memorandum of Law.docx